So ordered.
William T. Walsh, J.
Greenberg, J.
Allan McGuane, J.

## LANE CONSTRUCTION CORP.
### vs.
### Jedd NEWSOME

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

December 2, 1980

Earl Alpert for the plaintiff.
John F. Wagner for the defendant.

Larkin, J. Mullaney, J. Cimini, J.*

LARKIN, J. This is an action of contract in which the plaintiff seeks to recover the balance due for asphalt sold by the plaintiff to the defendant. Plaintiff seeks recovery against the defendant in his individual capacity, while defendant takes the position that the sale of any goods were to a corporation controlled by him and his wife and that, accordingly, there should be no liability. The District Court found for the plaintiff. At the trial there was evidence tending to show that prior to 1967 the defendant, in his individual capacity, while engaged in the construction business, did business with the plaintiff. This business relationship had extended over several years. In 1967, plaintiff had to charge off approximately $1,800.00 in bad debts owed by the defendant because of defendant's precarious financial situation. At the same time, and as a result of the previously cited facts, the defendant was put on a "cash only basis" in his dealings with the plaintiff. In other words, whenever the defendant purchased asphalt from the plaintiff, the only way in which he could obtain the asphalt was to pay for it, either in cash or by bank check. This arrangement continued until 1977.

In 1968, the defendant and his wife formed a construction corporation to do business under the name of JEDD NEWSOME & SONS, INC. The record showed

*Judge Cimini, now retired, was present at the oral argument but did not participate in the deliberations or preparations of this Opinion.

that they held all the stock in the corporation. The defendant was the treasurer, and his wife was the president of the corporation. The trial judge found that the plaintiff was never formally advised of this change of status of the defendant's business.

Later in 1977 the defendant, or his corporation, obtained a "fairly large" shopping center parking lot job in 1977. At this point he went to the plaintiff's Granby plant manager, one JAMES GENTILE, with whom he had been conducting the "cash business" for several years, and asked to have credit re-extended to enable him to take this job. The trial court found and the record supports, that there was no notification to GENTILE of the defendant's corporation's existence.[1] GENTILE in turn, contacted the plaintiff's corporate treasurer, ROBERT HOUDE. The latter agreed to allow credit within certain limits which are not here material. Again, the trial court found and the record supports the finding, that HOUDE never had actual knowledge of the existence of the corporate entity until well after the present action was commenced.[1]

On this record, the single question before us is whether the plaintiff, through its agents, knew or should have known that it was dealing with the JEDD NEWSOME & SONS, CORPORATION and not with Jedd Newsome, individually at the time the subject debt was incurred.

We believe that there is sufficient evidence to support the trial court's conclusion that the plaintiff dealt with the defendant in his individual capacity. The trial judge expressly found that the defendant never apprised the plaintiff of his change in status from individual proprietorship to the corporate entity and that given the course of prior dealings between the parties, the defendant had a duty to so inform the plaintiff.

It is clear that business realities would make the plaintiff extremely reluctant to give credit to NEWSOME as a corporation in view of defendant's prior bad debt history as well as his "cash only" status. Under the circumstances, to consciously afford NEWSOME the privilege of a "corporate cloak" would be highly unlikely and not, as defendant contends, a reasonable inference.

There was evidence that the corporate name was on delivery slips, payment was by corporate check, and material was picked up by trucks bearing the corporate name at the Granby plant. The fact remains however, that defendant never formally advised the plaintiff that it was now dealing with a corporation. Since plaintiff had done business for over 10 years with NEWSOME as an individual, we cannot say that the trial court was in error in refusing to impute knowledge to plaintiff based on the aforementioned facts. This is especially true since defendant dealt only with the one branch plant in Granby, whereas the "home office" — where all credit decisions were made — extended credit to Jedd Newsome as an individual, as evidenced on the master computer. In short, evidence of defendant's "corporateness" never went to the home office where the financial decisions were made, and, it would seem, that after 10 years of restricted, individual dealings with the defendant, his asserted "high visibility" as a corporation at one particular plant, falls short of adequate disclosure of the agent-principal relationship to charge the plaintiff with exculpatory knowledge. See generally, Estoppel of Persons Contracting or Dealing with Corporations, 18 Am Jur. 2d, sec. 76. We agree with the trial court that plaintiff contracted with NEWSOME the individual, not NEWSOME the corporation.

So ordered.
Larkin, J.
Mullaney, J.